Scott M. Kinkley
Northwest Justice Project
1702 W. Broadway
Spokane, WA  99201
(509) 324-9128
scottk@nwjustice.org

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALOCK NYIGOW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PATENAUDE & FELIX, a professional law corporation, and MATTHEW CHEUNG and JANE DOE CHEUNG, husband and wife,<br><br>　　　　Defendants. | Case No.:<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff Alock Nyigow, through her attorney, Scott M. Kinkley of the Northwest Justice Project, alleges the following:

### I.    COMPLAINT

1.1.    This is an action for damages and remedies against Patenaude & Felix, A.P.C., and Matthew Cheung and Jane Doe Cheung, husband and wife, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

## II.    JURISDICTION AND VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331. Declaratory relief is available, pursuant to 28 U.S.C. § 2201 and § 2202.

2.2.    Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this Complaint occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the Court.

## III.    PARTIES

3.1.    Plaintiff Alock Nyigow is a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2.    Plaintiff Alock Nyigow is a natural person.

3.3.    The Defendants Patenaude and Felix and Matthew Cheung alleged that Alock Nyigow was obligated to pay a debt.

3.4.    Plaintiff Alock Nyigow is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

3.5.    Defendant Patenaude and Felix and Matthew Cheung attempted to collect a "debt" from the Plaintiff as defined by FDCPA, 15 U.S.C. § 1692a(5).

Northwest Justice Project
1702 W. Broadway
Spokane, Washington  99201
Phone:  (509) 324-9128  Fax: (509) 324-0065

3.6. The alleged debt was an alleged obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family or household purposes.

3.7. The alleged debt was for student loans incurred by a third party, Lual Lualkwane, who stole the Plaintiff's identity and added her as a co-signer without the Plaintiff's knowledge.

3.8. Defendant Matthew Cheung is an attorney licensed to practice law in the state of Washington.

3.9. Defendant Matthew Cheung is an employee of Defendant Patenaude and Felix.

3.10. All acts of Defendant Matthew Cheung were done on his own behalf, on behalf of Defendant Patenaude and Felix, and on behalf of the marital community.

3.11. Defendant Patenaude and Felix is a "collection agency" as defined by RCW 19.16.100(4) that is licensed to conduct the business of a collection agency in the state of Washington.

3.12. Defendants Patenaude and Felix and Matthew Cheung regularly use the telephone in their attempts to collect debts.

3.13. Defendants Patenaude and Felix and Matthew Cheung use instrumentalities of interstate commerce or the mails in their business.

3.14. Defendants Patenaude and Felix and Matthew Cheung use the mail in their attempts to collect debts.

3.15. Defendant Patenaude and Felix is a California professional law corporation engaged in the business of collecting debts in the Eastern District of Washington that are originally owed to another.

3.16. Defendants Patenaude and Felix and Matthew Cheung regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

3.17. Defendant Patenaude and Felix is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.18. Defendant Matthew Cheung is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.   FACTS

4.1. On October 4, 2013, the Defendants caused Plaintiff Alock Nyigow to be served with three summonses and complaints identically captioned "IN THE SUPERIOR COURT OF (sic) STATE OF WASHINGTON FOR KING COUNTY."

4.2. Service of a summons and complaint in a Washington Superior Court provisionally commences a lawsuit.

4.3. A defendant to a Washington State Superior Court lawsuit is required to file or serve and answer within twenty days of service or a default judgment can be taken against them regardless of whether or not the lawsuit was filed with the court prior to entry of the default.

4.4. After being served with the King County lawsuit, the Plaintiff was forced to appear and answer the King County lawsuit from Spokane County or a default judgment would have been entered against her.

4.5. Plaintiff Alock Nyigow has never resided in King County.

4.6. Plaintiff Alock Nyigow has resided in Spokane County since 1997, resided in the same house in Spokane since 1998, and worked the same job in Spokane since 1990.

4.7. The alleged debts are for three student loans taken out by non-party Lual Luakwane to attend the Washington State University.

4.8. On information and belief, Lual Lualkwane used the loans to pay for a personal education and degree at the Washington State University.

4.9. Lual Lualkwane is also known by and uses the former name and alias Obang Othow.

4.10. The Plaintiff was added as a co-signer to all three loans without her knowledge.

4.11. Lual Lualkwane forged the Plaintiff's signature onto the three credit agreements dated May 29, 2006, August 10, 2006, and June 3, 2007.

4.12. The Washington State University is located in Whitman County, Washington.

4.13. At the time of the forgeries, Lual Luakwane was living with Plaintiff Alock Nyigow in Spokane County.

4.14. On information and belief, the forged signatures occurred in either Spokane County, Washington, or in Whitman County, Washington.

4.15. None of the three student loans were executed or signatures forged in King County, Washington.

4.16. Plaintiff Alock Nyigow is a naturalized citizen of the United States and former refugee from Garnbella, Ethiopia.

4.17. Lual Lualkwane is a distant cousin of the Plaintiff and also a former Ethiopian refugee and naturalized U.S. citizen.

4.18. Lual Lualkwane lived at the Plaintiff's home from 2004 through 2008 while he attended the Washington State University.

4.19. In 2008, Plaintiff discovered the three student loans on her credit report after attempting to refinance her home with Wells Fargo.

4.20. Plaintiff confronted Lual Lualkwane, who initially denied that he had taken the loans out in her name and promised he would make sure the bank took her name off.

4.21. Plaintiff completed an identity theft affidavit provided by the original creditor of the loans, American Education Services, and returned it to AES's fraud department with cancelled checks as proof of her signature.

4.22. Plaintiff also reported the identity theft to the Spokane Police Department, which opened an identity theft investigation against Lual Lualkwane.

4.23. Lual Lualkwane fled to Ontario, Canada.

4.24. According to the Spokane Police Report, on December 28, 2010, Detective Janice Dasheill interviewed Lual Lualkwane by phone from Canada, and he admitted that he had signed Plaintiff Alock Nyigow's name to the loan documents, but claimed he had her permission.

4.25. Lual Lualkwane promised Detective Dasheill that he would cooperate with the investigation and provide certain banking records, but failed to do so.

4.26. The Spokane Police suspended the investigation when they could not locate or contact Lual Lualkwane.

## V.   VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

5.1.   Plaintiff Nyigow incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5.2.   Pursuant to 15 U.S.C. § 1692i, a debt collector may only bring a legal action against a consumer in the judicial district where the consumer signed the contract sued upon, or where the consumer resides at the commencement of the action.

5.3.   Plaintiff did not sign any of the contracts sued upon in King County, Washington, and she did not reside in King County, Washington, at the time the lawsuit against her was commenced.

5.4.   Neither was the Plaintiff's signature forged onto any of the contracts sued upon in King County.

5.5.   Since King County, Washington, was neither the county in which the loan agreements were entered into or the county in which Plaintiff resided, the Defendants violated FDCPA, 15 U.S.C. § 1692i, by provisionally commencing a lawsuit against the Plaintiff in King County.

5.6.   The foregoing acts of Defendants Patenaude and Felix, Matthew Cheung and their agents constitute a violation of the FDCPA including, but not limited to, FDCPA, 15 U.S.C. § 1692i.

5.7. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages up to one thousand dollars ($1,000.00), pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## VI.    DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

6.1. Actual damages;

6.2. Statutory damages, pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1), for an award of statutory damages of one thousand dollars ($1,000.00), pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each Defendant, Patenaude and Felix, and Matthew Cheung;

6.3. Costs and reasonable attorney fees, pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3); and

6.4. For such other and further relief as may be just and proper.

DATED this 15th day of September, 2014.

NORTHWEST JUSTICE PROJECT

/s Scott M. Kinkley
Scott M. Kinkley #42434
Attorney for Plaintiff